IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36389-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JAMES FLOYD EUGENE SCALES, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — James Scales challenges his conviction for second degree malicious mischief. He argues the State failed to prove he acted maliciously. We disagree and affirm.

## FACTS

On August 21, 2017, Thomas Korfus noticed a green sport utility vehicle (SUV) sitting on Nelson Road in Cle Elum, Washington, with a "high revving engine." Report of Proceedings (RP) at 73. The SUV then came toward Mr. Korfus at a good rate of speed, going shoulder to shoulder on the road. Mr. Korfus saw the SUV go into a ditch, run over a telephone box and a road sign, exit the ditch, drive across the street, and enter another ditch on the other side of the road.

The SUV then drove into Nicki Backlin's driveway. It stopped near the house, honked, and then drove around to the back of Ms. Backlin's property. Ms. Backlin telephoned 911. On the back of Ms. Backlin's property, the SUV spun three or four "donuts." Clerk's Papers (CP) at 24. The SUV stopped spinning and drove into Ms. Backlin's trailer, backed up, and then rammed the trailer 12 or more times.

Deputy David Thomas responded to Ms. Backlin's 911 call. Deputy Thomas saw the SUV repeatedly ramming Ms. Backlin's trailer. It did this three or four more times before Deputy Thomas pinned it against the trailer. The SUV had pushed the trailer 40 to 50 yards from its original location. Deputy Thomas ordered the driver, the only occupant, out of the SUV and identified him as James Scales. Deputy Thomas arrested Scales.

Scales cursed, swore, and spit at Deputy Thomas and other deputies. Scales appeared to understand what was going on and did not appear confused. Deputy Thomas noticed a strong odor of alcohol, and Scales swayed from side to side. Scales did not appear confused about the presence of law enforcement, his arrest, or the fact that he had been driving.

The State charged Scales with one count of second degree malicious mischief, one count of driving under the influence (DUI), and one count of reckless endangerment. Scales waived his right to a jury trial and proceeded to a bench trial.

2

At trial, officers testified to big "donut" marks in Ms. Backlin's back field and testified that her utility trailer was banged up and had its tongue twisted. CP at 23. Ms. Backlin's mother testified that she, her husband, and her son purchased the utility trailer about 10 years ago for $5,000. Ms. Backlin testified she used the utility trailer to move lumber, equipment, and to haul hay.

Scales testified he had undergone surgery four days earlier and went to a friend's house with his girlfriend on the date in question. Scales drank vodka at the friend's house. Scales and his girlfriend left the party and got into a fight. Scales testified he remembered nothing after that, except he just wanted to get home. He testified he did not even know Ms. Backlin and thought he was at a buddy's house messing around.

The trial court found Scales guilty of second degree malicious mischief, DUI, and reckless endangerment. The court entered findings and conclusions, sentenced Scales to 60 days on the second degree malicious mischief count, 364 days on the DUI count with 229 days suspended, and 364 days on the reckless endangerment count, with 229 days suspended. Scales appealed.

## ANALYSIS

Scales contends the State presented insufficient evidence to sustain his conviction for second degree malicious mischief.

3

If a defendant challenges the sufficiency of the evidence on appeal, the proper inquiry is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Id.* A challenge to the sufficiency of the evidence "admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id.*

Following a bench trial, we review whether substantial evidence supports the findings of fact and whether those findings support the conclusions of law. *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014). Unchallenged findings of fact are verities on appeal. *Id.* Scales has not challenged any of the trial court's findings.

To find Scales guilty of second degree malicious mischief, the trial court had to find that: (1) on or about August 21, 2017, (2) Scales knowingly and maliciously caused physical damage to the property of another, (3) in an amount exceeding $750, (4) in the State of Washington. RCW 9A.48.080(1)(a); CP at 1.

Scales argues the State presented no evidence he acted maliciously. He argues he did not even know Ms. Backlin and the evidence suggests he accidentally rammed Ms.

Backlin's trailer repeatedly because his truck was stuck in the mud. We find these arguments disingenuous.

"Malice" is defined as:

"Malice" and "maliciously" shall import an evil intent, wish, or design to vex, annoy, or injure another person. *Malice may be inferred from an act done in willful disregard of the rights of another, or an act wrongfully done without just cause or excuse*, or an act or omission of duty betraying a willful disregard of social duty.

RCW 9A.04.110(12) (emphasis added).

Scales rammed Ms. Backlin's trailer 12 or more times with his SUV, moving it 40 to 50 yards. Unless this was all an unfortunate accident, these actions demonstrate a willful disregard of the rights of another, done without just cause or excuse, from which a trier of fact may infer Scales acted maliciously.

When Deputy Thomas arrested Scales, Scales cursed, swore, and spit. Scales did not appear apologetic about "accidentally" ramming Ms. Backlin's trailer repeatedly and moving it 40 or 50 yards. His belligerent attitude on arrest is inconsistent with his current claim it all was an unfortunate accident. The evidence was more than sufficient for the trial court to find that Scales acted maliciously.

No. 36389-9-III
*State v. Scales*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.                          Fearing, J.

6